UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Antonio Moreira Neto</u>

        v.                                         Case No. 1:25-cv-311-JL-TSM

<u>FCI Berlin, Warden, et. al.</u>

## SUMMARY ORDER TO CONDUCT BOND HEARING IN IMMIGRATION COURT

Petitioner Antonio Moreira Neto, a citizen of Brazil, seeks an order of immediate release from detention under 28 U.S.C. § 2241 (habeas corpus). For the reasons stated below, the court grants partial habeas relief by ordering a bond hearing before an Immigration Judge.

**I.    Background**

Moreira entered the United States on June 24, 2004, at an unknown location, without being inspected, admitted, or paroled by an immigration officer, and without any valid entry document.[1] He lives in Milford, MA and has no criminal record.[2] On July 16, 2025, Moreira was arrested and detained by U.S. Customs and Border Protection ("CBP") officers "pursuant to sections 236 and 287 of the Immigration and Nationality Act,"[3] codified at 8 U.S.C. §§ 1226 and 1357. On July 27, 2025 DHS issued Moreira a Notice to Appear in Immigration Court for "removal proceedings under section 240 of the Immigration and Nationality Act," 8 U.S.C. § 1229a, on which it had marked a box

---

[1] Pet. Writ Habeas Corpus (doc. no. 1) at ¶ 20; Resp'ts' Obj. (doc. no. 10) at 1-2.
[2] Pet. Writ Habeas Corpus (doc. no. 1) at ¶¶ 20, 22.
[3] Arrest Warrant (doc. no. 1-1) at 2.

indicating that Moreira is subject to removal because he is "an alien present in the United States who has not been admitted or paroled."[4] DHS specifically did not mark the available box to indicate that Moreira was an "arriving alien." DHS charged Moreira with removability under INA § 212(a)(6)(A)(i) and § 212(a)(7)(A)(i).[5] At a subsequent hearing an Immigration Judge found Moreira removable only subject to the former,[6] codified at 8 U.S.C. § 1182(a)(6)(A)(i) ("An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."). This finding is consistent with Moreira's Notice to Appear marking only the box describing him as an "alien present in the United States without being admitted or paroled."

Moreira sought a bond hearing[7] before an Immigration Judge, who, based on the government's argument that Moreira had been detained not under 8 U.S.C. § 1226(a), but rather under § 1225(b)(2)(A), denied jurisdiction, finding that Moreira was "statutorily ineligible for IJ custody redetermination."[8] Moreira is now in removal proceedings, with an individual hearing scheduled for October 9, 2025.

## II.     Ruling and Order

Moreira was given apparent notice, based on his warrant and Notice to Appear, that he was being detained under § 1226, not § 1225. That, and the abrupt change in the

---

[4] Notice to Appear (doc. no. 11-1) at 2.
[5] Notice to Appear (doc. no. 11-1) at 4.
[6] Pet'r's' Reply (doc. no. 11) at ¶ 9.
[7] "Bond hearing" is another term for "custody redetermination proceeding." The court will use the term "bond hearing" throughout this order.
[8] Order of Immigration Judge, Aug. 11, 2025 (doc. no 1-1) at 5.

government's longstanding detention policy under §§ 1225 and 1226, *see Carlos Augusto Chang Barrios, v. Craig Shepley, et al.*, No. 1:25-CV-00406-JAW, 2025 WL 2772579, at *9 (D. Me. Sept. 29, 2025) (discussing longstanding government policy of applying § 1226(a) to noncitizens without documentation already present in the United States), give the court pause. Courts considering factually similar cases have found that aliens without criminal convictions, who are already in the country, have been taken into custody under 8 U.S.C. § 1226, are specifically described in charging documents as "alien[s] present in the United States who ha[ve] not been admitted or paroled," and are in removal proceedings, are detained under 8 U.S.C. § 1226. *See, e.g.*, *Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); *dos Santos v. Noem*, No. 1:25-CV-12052-JEK, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Martinez v. Hyde*, No. CV 25-11613-BEM, 2025 WL 2084238 (D. Mass. July 24, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025) (McCafferty, C.J.); *see also Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (gathering cases).[9] Without adopting, at this juncture, the interpretive reasoning of these cases, given the lack of Supreme Court or First Circuit authority on the basic question of whether aliens in the petitioner's position

---

[9] The court notes that new BIA precedent, *Matter of Yajure Hurtado*, 29 I. & N. Dec 216 (B.I.A. 2025), adopted the position that noncitizens present in the United States without admission are "seeking admission" for purposes of § 1225(b)(2), and are therefore subject to the mandatory detention procedures set forth in § 1225. Under the facts and circumstances present here, this court does not defer to the BIA decision. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024) ("[C]ourts must exercise independent judgment in determining the meaning of statutory provisions," and they "may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

are held under § 1225 or § 1226, the court believes that in this case, with a fast-approaching individual hearing in Immigration Court, a bond hearing on the merits of Moreira's request for release is the course of action most consistent with the requirements of due process.

The respondents are therefore ORDERED to provide Moreira with a bond hearing as soon as practicable to allow the Immigration Court to reconsider[10] his request for release.

SO ORDERED.

Joseph N. Laplante
United States District Judge

October 2, 2025

cc:   Counsel of Record

---

[10] Mindful of the separation of powers, the court requests, but does not order, the Immigration Judge to consider the merits of Moreira's request for release under 8 U.S.C. § 1226(a), based on the due process considerations noted above.

4